1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN BROOKS,

Petitioner,

v.

WARDEN NEVINS, et al.,

Respondents.

Case No. 3:14-cv-00223-MMD-VPC

ORDER

This habeas matter comes before the Court on petitioner's application to proceed *in forma pauperis* (dkt. no. 1) and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The pauper application will be granted on the showing made.

Turning to initial review, the petition clearly is successive on its face, following the filing of numerous prior successive petitions by petitioner.

Kevin Brooks seeks to challenge his October 5, 1990, Nevada state court conviction, pursuant to a jury verdict, of two counts of burglary, and his adjudication as a habitual criminal, in Case No. C093713 in the Eighth Judicial District Court for the State of Nevada.

By an order and judgment entered on August 6, 1998, this Court denied Brooks' prior federal petition in Case No. 3:97-cv-00457-ECR-PHA on the ground that petitioner's claims were procedurally defaulted. The Court of Appeals denied a certificate of appealability.[1]

---

[1]A copy of the docket sheet in the 1997 action is available on the Court's electronic docketing system. The Court's statement of the basis for the August 6, 1998, dismissal is quoted in an April 20, 2011, denial of petitioner's Rule 60(b) motion in Case No. 3:01-cv-00236-ECR-VPC.

1    Thereafter, petitioner has filed a number of habeas petitions in this Court

2  challenging the same judgment of conviction that have been denied on, *inter alia*, the

3  ground that the petitions were successive. *See* Case No. 3:01-cv-00236-ECR-VPC;

4  Case No. 3:05-cv-00054-ECR-RAM; Case No. 3:06-cv-00458-JCM-RAM; Case No.

5  3:07-cv-00394-ECR-VPC; and Case No. 3:12-cv-00497-RCJ-WGC.[2]

6    It further appears that the Court of Appeals has denied numerous applications by

7  petitioner to that court seeking permission to pursue a second or successive petition.

8  *See* Ninth Circuit Nos. 01-71340, 04-76420, 06-74643 and 10-73166.

9    The online record of the Court of Appeals does not reflect a grant of permission

10 to pursue a second or successive petition prior to the filing of the present petition.

11   The Court further takes judicial notice of the content of the online docket record

12 of the state district court, which reflects that no intervening amended or corrected

13 judgment of conviction has been filed in C093713 in that court.[3]

14   Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in

15 the federal district court, the petitioner must move in the court of appeals for an order

16 authorizing the district court to consider the petition. A federal district court does not

17 have jurisdiction to entertain a successive petition absent such permission. In the

18 present petition, petitioner seeks to challenge the same judgment of conviction that he

19 previously challenged in this Court in Case No. 3:97-cv-00457. That petition was

20 dismissed on the basis of procedural default.  A petition filed after a prior petition was

21 dismissed on the basis of procedural default constitutes a successive petition. *E.g.,*

22 *Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). The present petition

23

24   [2]Case No. 3:04-cv-00171-HDM-VPC was dismissed for lack of jurisdiction over
   the subject matter. The Court noted in the dismissal order the dispositions of the prior
   federal petitions.

25

26   [3]*See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1132-32 (9th Cir. 2012)(a
   federal court may take judicial notice of matters of public record, including documents
   on file in federal or state courts).

27   The Court notes in passing that the February 12, 2014, order of the Supreme
   Court of Nevada in No. 63879 in that court reflects that Brooks has filed five successive

28 petitions in the state courts.

1  thus constitutes a second or successive petition. Petitioner thus may pursue a petition

2  only with permission from the Court of Appeals, which he has not obtained.

3     The present petition therefore will be dismissed without prejudice as a

4  successive petition.  Further proceedings herein in advance of entry of judgment would

5  be both futile and an imprudent application of limited judicial resources. Petitioner

6  simply is frivolously continuing to file clearly successive petitions despite having been

7  repeatedly informed that he first must obtain permission from the Court of Appeals to do

8  so.[4]

9     It is therefore ordered that petitioner's application to proceed *in forma pauperis*

10  (dkt. no. 1)  is granted and that petitioner will not be required to pay the filing fee herein.

11     It is further ordered that the Clerk of Court shall file the petition and that the

12  petition is dismissed without prejudice as a successive petition.

13     It is further ordered that the Clerk shall file the motion for appointment of counsel

14  submitted with the petition, that the motion is denied on a finding that the interests of

15  justice do not require the appointment of counsel on the clearly successive petition, and

16  that the Clerk shall reflect the denial of the motion in a manner consistent with the

17  Clerk's current practice for such docket entries.

18  ///

19  ///

20

21     [4]The Court's action herein does not reflect that the petition otherwise is free of
other deficiencies. Over and above untimeliness and procedural default, petitioner failed

22  to use the Court's required habeas petition form as required by the local rules.
Petitioner instead used the required petition form essentially as a cover document for an

23  entirely handwritten petition. A habeas petitioner instead must allege all of his claims
within the four corners of the petition form, without incorporation of other documents.

24     The Court further would note that petitioner's procedural and merits arguments
all derive from the same flawed premise — that he improperly was denied a right to self-

25  representation on his direct appeal. The United States Supreme Court instead has held
that a criminal defendant does not have a right to self-representation on direct appeal.

26  *See Martinez v. Court of Appeal of California*, 528 U.S. 152 (2000).
     In all events, however, petitioner first must obtain permission from the Court of

27  Appeals to pursue a second or successive petition, whether or not based upon
purported structural error, allegedly void judgments, or an alleged lack of jurisdiction in

28  other courts.

1    It is further ordered that a certificate of appealability is denied. Jurists of reason

2 would not find the district court's dismissal of the successive petition without prejudice to

3 be debatable or wrong, for the reasons discussed herein.

4    The Clerk of Court shall enter final judgment accordingly, dismissing this action

5 without prejudice.

6    DATED THIS 30th day of April 2014.

7

8 _____

MIRANDA M. DU

9 UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28